UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CLEMENTS, | ) | CASE NO. 5:11CV426 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ORIANA HOUSE, INC., CBCF, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff *pro se* Anthony Clements filed this action against Oriana House, a community correction center, where he resides. He alleges that on Saturday January 29, 2011, while he was sleeping, he was bitten by a spider. He went to the medical center but no doctor or nurse was present. His foot became swollen and by Monday he could not walk. Plaintiff returned to the medical center and was sent to the emergency room. He was then transferred to another hospital where he stayed for five days until he was able to walk. Plaintiff seeks damages in the amount of $650,000.00. Also, before the Court is Plaintiff's Request to Proceed *In Forma Pauperis*. (Doc. 2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

dismissed pursuant to section 1915(e).

Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation. *Bowman, v. Corr. Corp. of Am.*, 350 F.3d 537, 544 (citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). Further, the inmate must have a sufficiently serious medical need such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834). He must also show "that the prison official possessed a 'sufficiently culpable state of mind in denying medical care.' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005) (internal citations omitted) (quoting *Farmer,* 511 U.S. at 834-35).

Plaintiff alleges that he went to the medical center after he was bitten, but received no assistance from medical staff. However, the facts alleged in the Complaint show that any serious sign of injury did not appear until two days later. At that time he was taken to a hospital where he received surgery. He states that his foot still bothers him, but he has not alleged that he has requested and been denied further treatment. As already noted, a claim of

mere negligence does not rise to the level of a constitutional claim. *Bowman,* 350 F.3d at 544; *Newsome v. Peterson*, 66 Fed.App'x. 550, 551 (6th Cir. 2003). The alleged conduct of Defendants amounts, at most, to negligence.

Accordingly, Plaintiff's Request to Proceed *In Forma Pauperis* is **GRANTED**. The action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: April 12, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**